UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| KANONIE HALL, | ) | CASE NO. 1:13 CV 1792 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| COURT OF COMMON PLEAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Kanonie Hall filed the above-captioned *in forma pauperis* Complaint against the Court of Common Pleas and Judge Daniel Gaul.[1] The Complaint does not set forth a basis for this Court's jurisdiction. In an attached document, headed: "Motion to Expunge and Seal Record" and signed by Mr. Hall, he does state that the Complaint is filed against Judge Gaul to "have my felonies expunged for past crimes."

*Background*

Mr. Hall's "Motion to Expunge and Seal Record" is construed as his Complaint before this Court. It is the only document that sets forth any request for relief. In the document, Mr. Hall complains he has been denied various forms of employment and housing because of his

---

[1] The Court presumes Mr. Hall is naming the Cuyahoga County Court of Common Pleas since this is the bench on which Judge Gaul sits.

criminal record. He states he is now homeless and being "denied help from all agencies."

In addition to the Complaint, Mr. Hall attaches a copy of the Brief in Opposition to Application for Sealing Records of Conviction that the Assistant Prosecuting Attorney filed in Mr. Hall's closed criminal case before Judge Gaul in the Cuyahoga County Court of Common Pleas. *See Ohio v. Hall*, No. CR 514421 (Cuy. Cty. Comm. Pls.)(Gaul, J.) From this, the Court has discerned that Mr. Hall filed an Application for Sealing of the Record of Conviction pursuant to R.C. 2953.32(A)(1) in the Cuyahoga County Court of Common Pleas on April 8, 2013, which is still pending. Finally, Mr. Hall simply attaches a photocopy of the Fifth Amendment to the United States Constitution from the Wikipedia website.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Abstention*

Without question, *pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

At the time Mr. Hall filed this action, he already filed the same claim in Cuyahoga County Court on April 8, 2013. As noted above, that claim is still pending. A federal court, however, must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Thus, the decision to abstain is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger,* 401 U.S. at 44.

The three relevant factors supporting abstention are all present here. The issues presented in the Complaint are clearly the subject of a pending state court criminal matter, which is of paramount state interest. *See id.* at 44-45. Further, Mr. Hall does not allege the state proceedings will not afford him an adequate opportunity to raise federal questions.

Finally, no exception to the *Younger* abstention doctrine has been argued or even applies. The three exceptions require a showing that: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986). Mr. Hall has not made a "substantial allegation" showing that the

State's objection to his request is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See e.g. id.* at 53–545 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Phillips v. Court of Common Pleas, Hamilton County*, 668 F.3d 804, 811 (6th Cir. 2012)(petitioner unable to seek direct review of court's denial of double jeopardy challenge); *Christian v. Wellington*, No. 4:11cv2421, 2012 WL 1252953, at 7 (N.D. Ohio Mar. 16, 2012)(same).

## *Conclusion*

Based on the foregoing, Mr. Hall's Motion to Proceed *In Forma Pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e), but without prejudice to his pending claims in State court. Further, the Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: September 20, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."